**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 15-cv-00755-JLK

TAMERA L. COOPER,

        Plaintiff,
v.

CORRECTIONS CORPORATION OF AMERICA,
a/k/a KIT CARSON CORRECTIONS CORPORATION OF AMERICA,

        Defendant.

---

**MEMORANDUM OPINION AND ORDER ON DEFENDANT'S MOTION TO DISMISS**

**Kane, J.**

### Introduction

Plaintiff, a female over the age of 40, brings Title VII, Age Discrimination in Employment Act ("ADEA"), and Equal Pay Act claims against Defendant, her former employer. Doc. 21-1 at p.1, pp. 9-10. Plaintiff previously raised certain of her claims in a charge filed with the EEOC, which issued Plaintiff a right to sue letter on January 12, 2015. Doc. 21-1 at ¶ 10. Defendant has moved to dismiss on the grounds that this Court lacks jurisdiction over the claims not raised by Plaintiff in her EEOC charge, that Plaintiff has failed to comply with a condition precedent to filing suit because she failed to verify her EEOC charge, and that Plaintiff has failed to state a claim. Doc. 18. For the reasons given below, I **GRANT** the motion in part and **DENY** the motion in part.

### Motion to Amend

Plaintiff has also moved to amend her First Amended Complaint (Doc. 21), and Defendant opposes the motion on the grounds that the proposed amendment is futile, for much the same reasons given in Defendant's Motion to Dismiss. *See* Doc. 23 at 2-7. Plaintiff's

Motion to Amend is **GRANTED**.  *See* Fed. R. Civ. P. 15(a)(2).  Defendant's futility arguments will be addressed below in deciding Defendant's Motion to Dismiss.

## Failure to Exhaust Administrative Remedies

Plaintiff brings five claims for violation of Title VII, the ADEA, and the Equal Pay Act.  In particular, Plaintiff brings: (1) a Title VII claim for sex discrimination and wrongful termination; (2) a Title VII claim for sexual harassment; (3) a claim for age discrimination under the ADEA; (4) a claim for violation of the Equal Pay Act; and (5) a claim for "sex plus age" discrimination.  Doc. 21-1 at pp. 7-10.  However, Plaintiff's EEOC charge describes only the facts underlying Plaintiff's termination as a violation of Title VII and the ADEA.  *See* Doc. 20-4, pp.3-4.  Defendant therefore argues that the claims other than Plaintiff's termination claim must be dismissed for lack of jurisdiction because Plaintiff has failed to exhaust her administrative remedies.  *See* Doc. 18 at 6-7.  "[A]dministrative remedies generally must be exhausted as to each discrete instance of discrimination or retaliation."  *Apsley v. Boeing Co.*, 691 F.3d 1184, 1210 (10th Cir. 2012).  To exhaust administrative remedies, "the [EEOC] charge must contain facts concerning the discriminatory and retaliatory actions underlying each claim[, because] each discrete incident of alleged discrimination or retaliation constitutes its own unlawful employment practice for which administrative remedies must be exhausted."  *Jones v. U.P.S., Inc.*, 502 F.3d 1176, 1186 (10th Cir. 2007) (internal quotation marks omitted).

In an affidavit accompanying her response to Defendant's motion, Plaintiff states that she completed an online intake form from the EEOC website and spoke with an investigator over the phone on December 15, 2014.  Doc. 20-1 ¶ 1, 3.  Despite several attempts to follow up on this conversation with the EEOC, Plaintiff alleges that she did not see the formal charge prepared by the EEOC until she received her right to sue letter on January 12, 2015, and that the charge omitted issues contained in her initial intake form, including her retaliation and sexual

harassment claims. *Id*. at ¶¶ 5-7; *see* Doc. 20-4.  On April 1, 2015, Plaintiff filed a second charge with the EEOC, alleging that Defendant terminated her in retaliation for certain complaints she had made against her supervisor. *See* Doc. 18 at p.7 n.1.  That charge remains pending before the EEOC. *Id*.  Plaintiff argues that her claims should not be dismissed because of what she alleges to be the EEOC's negligence in preparing a charge on her behalf.  Doc. 20 at 3.

Exhaustion of administrative remedies is a jurisdictional prerequisite to suit under Title VII and the ADEA. *Apsley*, 691 F.3d at 1210 (Title VII); *Shikles v. Sprint/United Mgmt. Co.*, 426 F.3d 1304, 1317 (10th Cir. 2005) (ADEA).  "Further, administrative remedies generally must be exhausted as to each discrete instance of discrimination or retaliation." *Apsley*, 691 F.3d at 1210.  The purpose of the exhaustion requirement is to protect employers by giving them notice of the claims against them and to provide the EEOC with an opportunity to conciliate the claims. *Green v. Donahue*, 760 F.3d 1135, 1140 (10th Cir. 2014) *cert. granted*, 135 S.Ct. 1892 (2015).

I find that Plaintiff has not exhausted her administrative remedies with respect to the claims not included in her EEOC charge.  In *Green v. JP Morgan Chase Bank Nat. Ass'n*, 501 Fed.Appx. 727, 731-32 (10th Cir. 2012) (unpublished), the Tenth Circuit considered whether a plaintiff could rely on his intake questionnaire to satisfy the exhaustion requirement, where the questionnaire contained allegations not included in the plaintiff's subsequent EEOC charge.  The Tenth Circuit concluded that he could not. *Id*.  The Tenth Circuit acknowledged that an intake questionnaire can be treated as a charge under certain circumstances where there is no formal charge (*see Federal Exp. Corp. v. Holowecki*, 552 U.S. 389, 404-06 (2008)), but found that "permitting Title VII plaintiffs to routinely reach back to the contents of intake questionnaires to expand the scope of a subsequent lawsuit would, if not eviscerate, then at the very least

significantly undermine the policies underlying the exhaustion requirement Congress decided to impose upon Title VII plaintiffs." *Id.* (quoting *Ahuja v. Detica Inc.*, 873 F.Supp.2d 221, 230 (D.D.C. 2012)).  Accordingly, I find that Plaintiff has failed to exhaust administrative remedies and thus that I lack subject matter jurisdiction over the claims not raised in her EEOC charge.  *See Halsey v. United Parcel Service, Inc.*, No. 14–CV–02312, 2015 WL 73685, *5 (D. Kan. Jan. 6, 2015) ("Following the Tenth Circuit's decision in *Green*, the Court finds that Plaintiff's Intake Questionnaire did not constitute a charge; it cannot be used to expand the scope of her formal charges filed after the questionnaire and before the commencement of her lawsuit."); *Vonlintel v. Eagle Communications, Inc.*, No. 14–4125, 2015 WL 5093271, *7-8 (D. Kan. Aug. 28, 2015) (same).

### Failure to Verify EEOC Complaint

Defendant argues that Plaintiff has failed to exhaust her administrative remedies because her EEOC charge is not signed or verified as required by 42 U.S.C. § 2000e-5(b).  Plaintiff acknowledges the verification requirement, but argues that the Court should excuse her failure to comply with it given that the EEOC never offered her the opportunity to review her charge or to verify it.  *See* Doc. 20-1 at ¶¶ 4-6; *Gad v. Kansas State University*, 787 F.3d 1032, 1042-43 (10th Cir. 2015) (suggesting "a rule where noncompliance [with the verification requirement] might be excused" in order to avoid "a Title VII complainant inadvertently forfeiting his or her rights").  Because Plaintiff has alleged that the EEOC never provided her an opportunity to review and verify her charge before issuing its right to sue letter, *see* Doc. 20-1 at ¶¶ 3-6, and those allegations must be taken as true for purposes of resolving this motion to dismiss, I excuse Plaintiff's failure to comply with the verification requirement.

### Failure to State a Claim

For the reasons given above, Plaintiff's second claim is dismissed for failure to exhaust administrative remedies, and Plaintiff's first and third claims are dismissed for failure to exhaust except to the extent that those claims are based on the facts surrounding Plaintiff's termination, which are the only facts contained in her EEOC charge. Defendant does not argue that Plaintiff's third claim (under the ADEA) should be dismissed with respect to her termination. However, Defendant argues that Plaintiff's first, fourth, and fifth claims should be dismissed for failure to state a claim.

**1. First Claim – Sex Discrimination/Disparate Treatment/Wrongful Termination**

To prevail on her Title VII claim, plaintiff "must prove . . . that [the defendant] had a discriminatory motive or intent." *Ortega v. Safeway Stores, Inc.*, 943 F.2d 1230, 1236 (10th Cir. 1991). She must demonstrate that her sex was the motivation for her termination. *See E.E.O.C. v. Flasher Co., Inc.*, 986 F.2d 1312, 1319 (10th Cir. 1992) (essence of a disparate treatment claim is intentional discrimination based upon a protected classification).

Defendant argues that Plaintiff's Title VII claim fails with respect to her termination because she has not identified any similarly situated male employee who was treated more favorably. Doc. 22 at 5. Plaintiff responds that she has alleged that she worked in a male dominated environment, was subject to criticism and investigation that other male counterparts were not, and in this context was fired for a pretextual reason, which gives rise to an inference of sex discrimination. *See* Doc. 20 at 6-7; *Swackhammer v. Sprint/United Management Co.*, 493 F.3d 1160, 1166 (10th Cir. 2007) (plaintiff must show she was "terminated under circumstances which give rise to an inference of unlawful discrimination"). Construing the facts as alleged in the light most favorable to the Plaintiff, I deny Defendant's motion to dismiss with respect to her termination claim.

### 2. Fourth Claim – Equal Pay Act Violation

Plaintiff claims that Defendant violated the Equal Pay Act because she was paid less than a "less experienced male who was promoted to unit manager about three months after she was." Doc. 21-1 at 4.  Defendant argues that Plaintiff has failed to demonstrate that the unit managers' actual job duties required equal skill, effort, and responsibility.  Doc. 22 at 8.  Construing the facts in the light most favorable to the Plaintiff, she has alleged that she was one of three "Unit Managers" at Defendant's facility, who presumably performed work requiring "equal skill, effort, and responsibility," *see* Doc. 21-1 at ¶ 13, so I deny Defendants' motion to dismiss Plaintiff's Equal Pay Act claim.

### 3. Fifth Claim – Sex Plus Age

Defendant argues that Plaintiff's fifth "sex plus age" discrimination claim should be dismissed because the Tenth Circuit does not recognize this type of hybrid discrimination, and because the claim is duplicative of her separate age and sex discrimination claims.  Doc. 22 at 9. Although the Tenth Circuit has not explicitly recognized this type of discrimination and it may be duplicative, I decline to dismiss Plaintiff's sex plus age claim on this basis.  *See Gorzynski v. JetBlue Airways Corp.*, 596 F.3d 93, 109-110 (2d Cir. 2010) (noting that "where two bases of discrimination exist, the two grounds cannot be neatly reduced to distinct components").

### Conclusion

For the reasons given above, Plaintiff's Motion to Amend (Doc. 21) is **GRANTED**, and Defendant's Motion to Dismiss (Doc. 18) is **GRANTED** in part and **DENIED** in part.  The Plaintiff is **ORDERED** to file a clean copy of Doc. 21-1 on or before October 7, 2015 and the Clerk of the Court is directed to file that clean copy as Plaintiff's Second Amended Complaint.

Dated: October 1, 2015         *s/John L. Kane*
                               SENIOR U.S. DISTRICT JUDGE